UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ALICSHA HALLUMS, JAVIS HALLUMS and
ANDREW HALLUMS, infants by their mother
and natural guardian TOLITA HALLUMS, TOLITA
HALLUMS, Individually, DANNY HALLUMS and
DANIEL BOYD,

                            Plaintiffs,                  **FIRST AMENDED**
                                                                       **COMPLAINT**

         -against-

CITY OF NEW YORK,  NEW YORK
CITY POLICE DEPARTMENT, NEW YORK                  07 CV 2106 (FB) (RML)
CITY POLICE DEPARTMENT  Officers Lt. HARRISON
(Intel Supervisor); CAPT. PEGUES(Overall Supervisor);
SGT. JENNERY RIOS (Intel Sgt.), Shield No. 4371;
SGT. DONONAN (Intel Sgt.), Shield No. unknown;
SGT. STEVEN MARINO (team Leader), Shield No. 1897;
P.O. SCOTT JUST, Shield No. 12018; P.O. JOSEPH
VERDEROSA (Recorder), Shield No. 17288; P.O. VINCENT
FONTANA (Rear Security), Shield No. 15144; P.O. JODY
SCHELLENBERG (rear Security), Shield No. 31716; P.O.
MICHAEL GONZALEZ (P. Van), Shield No. 20675; and
P.O. JOEL POLICHRON (P. Van), Shield No. 25464,
all in their official and individual capacities, and JOHN DOE
OFFICERS NOS 12-15, in their official and individual
capacities
                            Defendants.
-----------------------------------------------------------------------x

       Plaintiffs, through their attorneys, **NDANUSA & DAVIS, ESQS.**, as and for their first amended complaint against the defendants herein allege:

### NATURE OF THE ACTION

       1.      Plaintiffs are residents of the Borough of Brooklyn, County of Kings, City and State of New York.

       2.      At all times hereinafter mentioned, defendant, **CITY OF NEW YORK** (hereinafter "**CITY**"), was and still is a municipal corporation existing under and by virtue of the

laws of the State of New York.

3. At all times hereinafter mentioned, defendant **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") is a political subdivision of the defendant **CITY**.

4. At all times hereinafter mentioned, defendant, **CITY**, employed persons as police officers and said persons were so employed as police officers by and through the defendant **NYPD**.

5. At all times hereinafter mentioned, defendants Police Officers is, and at all times relevant to this action were, police officers employed by the defendant **NYPD** and at all relevant times herein acted under color of state law in their capacity as agents, servants and employees of the defendant **CITY**. Said officers are being sued in both their individual and official capacity.

6. Defendants **CITY** and **NYPD** were responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

7. At all times hereinafter mentioned, defendants Police Officers, and their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of defendant NYPD, whose acts may fairly be said to represent official policy or governmental custom of the defendants **NEW YORK CITY POLICE DEPARTMENT** and the **CITY OF NEW YORK**.

8. On or about the 29th day of August 2006, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimants, was served upon the defendants by personal delivery of the notice in duplicate, to the clerk designated by defendants to accept service.

9. The notice of claim set forth the name and post office address of the claimants, and of the claimants' attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

10. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

11. This action was commenced within one year and ninety days after the happening of the event upon which the claim is based.

12. Specifically, Plaintiffs alleges that, while plaintiffs were asleep in their apartment, defendants, without the benefit of warrant or other legal process, entered plaintiffs' apartment with guns drawn, assaulted plaintiffs, caused plaintiffs' false arrest, unlawful detention, and malicious prosecution, property damage and violation of civil rights.

13. This action is brought for damages to remedy the violations of plaintiffs' Constitutional Rights under the United States Constitution, under color of state law, specifically the 4th, 5th, 8th, and 14th Amendments.

14. Declaratory relief, damages and other legal and equitable relief are sought pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

15. This is a civil Rights Action seeking damages for the defendants' violatons of plaintiffs' rights, privileges, and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1988, Article 1 Section 12 of the New York Constitution, and New York State Common Law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), and 1367(a). As the unlawful acts complained of herein occurred in the Borough of Brooklyn, County of Kings, City and State of New York which is within the Eastern District of New York, venue is properly within this District pursuant to 28 U.S.C. § 1391 (b) and (c)..

16. Jurisdiction of this Court is proper under 42 U.S.C. § 1983.

17. Plaintiff has fully complied with the administrative prerequisites to the filing of this action under state law. On August 29, 2006, Plaintiffs filed a notice of claim with the defendants. On or about October 10, 2006, a statutory 50-h hearing was held pursuant General

3

Municipal Law § 50(e) wherein the defendants examined all plaintiffs with regard to the claims of this action.  Defendants have refused to adjust or settle this action.  (See Exhibit A)

**FACTS**

18. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Alisha Hallums was asleep at her residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

19. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Javis Hallums was asleep at his residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

20. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Andrew Hallums was asleep at his residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

21. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Tolita Hallums was asleep at her residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

22. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Danny Hallums was asleep at his residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

23. On or about May 31, 2006, at approximately 5:50 a.m. Plaintiff Daniel Boyd was asleep at his residence at 459 Barbey Street, Apt. 3B, Brooklyn, New York.

24. That at said place and time defendants by its police officers, acting as agents and servants of the defendants City and NYPD, and within the scope of their employment and without just case or provocation broke down the front door of plaintiffs' apartment and entered same.

25. That at said place and time defendants Police Officers entered plaintiffs' apartment with guns drawn.

26. That at said place and time each plaintiff with guns pointed at their heads, were pulled out of bed, handcuffed and placed on the floors of the particular rooms they were in.

27. Thereafter, for a period of approximately two (2) hours, without showing a warrant or other legal process, plaintiffs' apartment was totally ransacked and searched by the defendants through their agents, assigns and/or police officers destroying personal property and

leaving said apartment in total shambles with beds turned and tossed, clothing draws and closets opened with the contents removed and thrown into piles on the floors and walls of the apartment with holes in them.

28.     Plaintiffs' property included jewelry, a gold necklace, a safe/strong box containing a necklace, two (2) rings and money, music cds, vinyl records, a camcorder, cell phones and $1,100 representing income tax return.  All items were removed and never returned to the plaintiffs.

29.      All plaintiffs were then paraded from their apartment in handcuffs in front of their neighbors and paraded to a van which transported them to the 75th Police Precinct where they were fingerprinted and photographed and held for two days.

30.     Plaintiffs were never told why defendants were at their apartment and were never apprized of any charges against them.

31.     Thereafter, plaintiffs were transported by van to Central Booking where they remained for a day and a half before they appeared before a judge.

32.     Plaintiffs were then arraigned and released.  All charges were dismissed.

33.     As a direct and proximate result of defendants' actions, plaintiffs have suffered and continue to suffer damages and injuries, which are continuous and ongoing.

34.     The false criminal arrest of the plaintiffs and plaintiffs' wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

35.     As a direct and proximate results of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, reputational injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

36.     All actions by defendant CITY, defendant NYPD, and defendant NYPD OFFICERS were done under the color of state law.

37.     As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United

States Constitution and the laws of the City and State of New York.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.

39. The actions of defendants, acting under color or State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and to due process.

40. By these actions, defendants have deprived the plaintiffs of rights secured by the Fourth, Fifth, and fourteenth amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

41. The NYPD officers involved in this incident did not have probable cause to enter plaintiffs' home.

42. The NYPD officers involved in this incident did not have a search warrant to authorize the search of plaintiffs' home.

43. Upon information and belief, NYPD policies and procedures in effect at the time of this incident required that when a gun is drawn and aimed at a person that a report be written.

44. Upon information and belief, NYPD policies and procedures in effect at the time of this incident required that when officers damaged a person's private property, they were required to file a report.

45. Upon information and belief, NYPD policies and procedures in effect at the time of this incident required that when officers engaged in a warrantless search of a residence, they were required to file a report.

46. Upon information and belief, NYPD policies and procedures in effect at time of this incident required that when officers handcuff suspects, they were required to file a report.

47. Upon information and belief no reports have been filed.

48. Defendant officers and the NYPD have engaged in a cover up of this illegal search and seizure.

49. Plaintiffs have been severely traumatized by this incident.

50. Plaintiffs have suffered damage and injury, which are continuous and ongoing.

51. All actions by defendant NYPD Officers, defendant NYPD, and defendant CITY were done under the color of state law.

## AS AND FOR A FIRST CAUSE OF ACTION

52. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

53. By detaining and imprisoning the plaintiffs, without probable cause or reasonable suspicion, defendants deprived plaintiffs of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and fourteenth Amendments of the United States Constitution.

54. In addition, the defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy as set forth above.

55. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly, maliciously and with the specific intent to deprive the plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages herein before stated.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

58. By detaining and imprisoning the defendant without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

59. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

60. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, maliciously and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution.

61. Defendants, their officers, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CAUSE OF ACTION

63. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

64. In physically assaulting, handcuffing, threatening, intimidating plaintiffs the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, malicious, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

65. The assault and arrest by the Defendants Officers were unnecessary and unwarranted in the performance of their duties as NYPD Officers and constituted unreasonable and excessive use of force.

66. Defendants, their agents, officers, servants, and employees were responsible for plaintiffs assault and illegal arrest, and battery. Defendant City of New York, as employer of each of the Officers Defendants, is responsible for their wrongdoing under the Doctrine of **respondeat superior**.

67. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

### AS AND FOR A FOURTH CAUSE OF ACTION

68. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

69. The Defendants Officers caused the plaintiffs to be wrongfully and illegally detained, imprisoned and be prosecuted.

70. The wrongful arrest, imprisonment and prosecution of the Plaintiffs were carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

71. At all relevant times, the Defendants acted forcibly in apprehending, detaining and imprisoning the Plaintiffs.

72. During this period, the P1aintiff were unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

73. Throughout this period, the Plaintiffs were unlawfully, wrongfully, maliciously and unjustifiably detained, deprived of his liberty, and imprisoned.

74. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

75. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York and The New York City Board of Education, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

76. The Defendants Officers acted with a knowing, willful, wanton, malicious, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

77. As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS AND FOR A FIFTH CAUSE OF ACTION

78. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

79. The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiffs.

80. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which "were inflicted through deliberate and malicious detention prosecution, and imprisonment by the Defendants.

81. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants. Defendant City of New York as employer of the Officers/Teacher and Defendants is responsible for their wrongdoing under the doctrine of **respondeat superior**.

82. As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiffs sustained the damages hereinbefore stated.

## AS AND FOR A SIXTH CAUSE OF ACTION

83. Plaintiffs re-allege each and every preceding paragraph inclusively, as though fully set forth in each of the subsequent causes of action.

84. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by the plaintiffs.

85. Upon information and belief, defendant City through the NYPD, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person shou1d have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

86. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendants Officers were potentially dangerous.

87. Upon information and belief, defendant City of New York's negligence in hiring and retaining the Defendants officers proximately caused Plaintiffs' injuries.

88. Upon information and belief, because of the Defendant's City of New York negligent hiring and retention of the aforementioned Defendants Officers, Plaintiffs incurred significant and lasting physical and mental injury.

(do you think we should add a cause of action for grossly negligent/reckless behavior just to cement the demand for punitive damages or do you think its spelled out enough above

## DEMAND FOR TRIAL BY JURY

89. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs respectfully request judgment against the Defendants as follows:

A. On the First Cause of Action against the Defendants officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

B. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial and punitive damages against the Defendants Officers in an amount to be determined at trial;

C. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

D. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

E. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

F. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

G. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
      May 28, 2008

                                      Yours, etc.,

                                      **MUSTAPHA NDANUSA**

                                      _____
                                      **Mustapha Ndanusa (MN0687)**
                                      **Tarik Davis (TD-5328)**
                                      Attorney for Plaintiff
                                      16 Court Street, Suite 1112
                                      New York, New York
                                      (718) 825-7719

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**           Index No: 07 CV 2106 (JB) (RML)

**ALISHA HALLUMS, JAVIS HALLUMS, ANDREW HALLUMS**
**TOLITA HALLUMS, DANIEL BOYD, DANNY HALLUMS,**

**Plaintiffs,**

-against-

**CITY OF NEW YORK, NEW YORK CITY POLICE DEP'T AND**
**JOHN DOE NOS 1-15 NYPD OFFICERS**

**Defendants.**

**FIRST AMENDED COMPLAINT**

MUSTAPHA NDANUSA, ESQ.
Attorneys for Petitioner
16 Court Street, Suite 1112
Brooklyn, New York 11241
(718) 825-7719

Pursuant to Article 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: May 30, 2008                signature
                                   Print Signer's Name: Mustapha Ndanusa, Esq.

Service of a copy of the within                           is hereby admitted.

Dated:

                                                          _____
                                                          Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (certified) true copy of a           duly entered in the Office of the Clerk of the within court on
      , 20  .

NOTICE OF SETTLEMENT
that an order                  of which the within is true copy will be prepared for settlement to the Hon.
      one of the judges of the within named court, at                          on              , 19      at
      M.

Dated,

                                                Yours, etc.
                                                MUSTAPHA NDANUSA
                                                16 Court St. Suite 1112
To:                                             Brooklyn, New York 11241
                                                 (718) 825-7719

14